# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LUNEAL BARNETT, as Administratrix of the Estate of ROBERT LEE SHORTER, JR., | } } } } | |
| Plaintiff, | } } | |
| v. | } } | Case No.: 2:05-CV-1922-RDP |
| FRANKLIN LOGISTICS, LLC, et al., | } } } | |
| Defendants. | } } | |

### <u>MEMORANDUM OPINION</u>

This case is before the court on Plaintiff's Motion to Amend Complaint or, in the Alternative, Motion to Set Aside the Judgment (Doc. # 27) filed August 24, 2006. The court held a telephone conference in this case on August 25, 2006. For the reasons outlined below, the court finds that Plaintiff's motion is due to be denied because an amendment adding negligence to her complaint would be futile.

## I.     Procedural History

Plaintiff's wrongful death complaint, which was filed August 5, 2005 in the Circuit Court of Jefferson County but removed on the basis of diversity by Defendants on September 13, 2005, alleges that the wanton driving of Defendant Rodgers caused the death of Plaintiff's Decedent, Robert Lee Shorter, Jr. (Doc. # 1, Complaint). Rodgers was operating a tractor-trailer rig owned by his employer, Franklin Logistics, LLC, in the early morning hours of July 27, 2006 when his truck collided with the Decedent's car, which was parked in the right-hand lane of Interstate 59. (Doc. # 1, Complaint). Plaintiff's complaint alleged only wantonness against Rodgers under Alabama's

"Wrongful Death Statute" and *respondeat superior* liability as to Rodgers' employer, Franklin Logistics, LLC.  (Doc. # 1).

On May 24, 2006, Defendants moved for summary judgment on both claims.  (Doc. # 21). By order and opinion dated July 25, 2006, the court granted summary judgment in favor of Defendants, having found that Plaintiff's failure to show that Defendant Rodgers acted with "reckless indifference to the knowledge that such act or omission will likely or probably result in injury," *Bozeman v. Central Bank of the South*, 646 So.2d 601, 603 (Ala. 1994), was fatal to her wantonness claim against Rodgers and her *respondeat superior* claim against Franklin Logistics, LLC.  (Docs. # 24, 25).

## II.    Applicable Substantive Law and Discussion

Plaintiff's request to add a negligence count to her complaint through a post-judgment amendment under Federal Rule of Civil Procedure 15(a) is based on Plaintiff's assertion, by affidavit, that she did not know that her initial complaint failed to assert negligence.  (Doc. # 27, at Ex. 1).  Plaintiff argues that this case "cries out for Negligence" and that the failure to assert such a claim falls within the "mistake, inadvertence, or excusable neglect" exception of Federal Rule of Civil Procedure 60(b) which warrants relief from a final judgment or order.  (Doc. # 27, at 2-3).

Rule 15(a) provides that, except in the two circumstances in which the plaintiff may amend as a matter of course, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a).  The Eleventh Circuit has held that, consistent with Rule 15(a)'s mandate that "leave shall be freely given when justice so requires," district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint.  *Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir.1992) (citing *Foman v. Davis*, 371 U.S.

178, 182 (1962)).  Nonetheless, the Court has recognized that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir.2004) (citing *Foman*, 371 U.S. at 182). In this case, although the court is sympathetic to Plaintiff's plight, it finds that setting aside its final judgment to permit Plaintiff to add a negligence claim would be futile in light of the undisputed facts demonstrating that Plaintiff's recovery under a negligence theory is barred as a matter of law.[1]

### A.      Applicable Alabama Law

It is axiomatic that Alabama's Wrongful Death Statute permits recovery under a negligence theory, *see* Ala. Code § 6-5-410, which requires proof of a duty on the part of Rodgers toward Mr. Shorter, breach of that duty, proximate causation and damages.  *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994).  However, a plaintiff is barred from recovering under a negligence theory if,  as a matter of law, the undisputed evidence demonstrates that he was contributorily negligent, *i.e.,* that he put himself in harm's way even though he had knowledge of a danger and appreciated the danger under the circumstances.  *Salter v. United States*, 880 F.Supp. 1524, 1533 (M.D.Ala. 1995); *Tombrello v. Copeland*, 497 So. 2d 1124, 1126 (Ala. 1986).

Plaintiff acknowledges that Defendants will argue contributory negligence, but maintains that Mr. Shorter's "initial contributory negligence in placing himself in a position of peril is no defense to subsequent negligence on [the] part of [Rodgers]."  Doc. # 27 at 3 (citing *Dees v. Gilley*, 339 So.2d 1000, 1002 (Ala. 1976).  Subsequent negligence requires proof: (1) that the plaintiff was in a perilous position; (2) that the defendant had knowledge of that position; (3) that, armed with such

---

[1] Accordingly, the court does not even reach the question of whether failure to include a negligence claim in her original complaint satisfies the Rule 60(b) standard for "mistake, inadvertence, or excusable neglect."  Fed. R. Civ. P. 60(b).

knowledge, the defendant failed to use reasonable and ordinary care in avoiding the accident; (4) that

the use of reasonable and ordinary care would have avoided the accident; and (5) that plaintiff was

injured as a result. *Zaharavich v. Clingerman*, 529 So.2d 978, 979 (Ala.1988).

Against this backdrop of Alabama law, the court finds that Plaintiff's negligence amendment

would be futile for two reasons.

### B.  Plaintiff Cannot Establish the Essential Elements of Negligence

First, even before reaching the issue of contributory negligence, the undisputed facts indicate

that, as a matter of law, Plaintiff cannot establish the elements of a negligence claim because

Rodgers owed nor breached a duty to Mr. Shorter.  As the court noted in its July 25, 2006

Memorandum Opinion, a driver has no duty to anticipate an immobile car parked on a high-speed

interstate highway at night. *See, e.g., McBride v. Baggett Transportation Co.*, 35 So.2d 101 (Ala.

1948) (finding, in a negligence case, that a driver does not have an absolute duty to stop and avoid

an accident "when a car is illegally parked ahead of him without proper lights" because, "[i]n the

absence of knowledge to the contrary, users of highways may assume that other users will use them

in a lawful manner").   In this case, it is undisputed that no warning flashers were on Mr. Shorter's

vehicle, which was parked in the right hand lane of the interstate at night, at the time of the accident.

(Rodgers Dep., at 99, 102, 138-150).

Although Plaintiff may contend that *McBride* is inapplicable because Mr. Shorter's car was

not *illegally* parked, but disabled because of mechanical failure,[2] that argument cuts no ice at all in

_____

[2] Alabama Code §§ 32-5A-136(a) and 32-5A-137(a)(1)(g) provide that no driver "shall stop,
park, or leave" an automobile upon the roadway, and that "no person shall stop, stand or park a
vehicle...upon a highway."  However, that prohibition does not apply "to the driver of any vehicle
**which is disabled** while on the paved or main-traveled portion of a highway." Alabama Code § 32-
5A-136(b) (emphasis added).

4

light of the Alabama Code section which requires a driver who has "stop[ped] or suddenly decrease[d] the speed of a vehicle [to provide an] appropriate signal . . . to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." Ala. Code § 32-5A-133(c). Regardless of what initially caused Mr. Shorter's car to stop on the interstate, Alabama law requires that an appropriate signal be given to other drivers to avoid accidents just like the one in this case. Although some of the 911 callers reported seeing lights on in the interior of Mr. Shorter's car, no callers reported seeing warning flashers (Rodgers Dep., at 138-150, Ex. 19) and the evidence is undisputed that no warning flashers were on at the time of the accident. (Rodgers Dep., at 99, 102, 138-150). As one 911 caller stated, "I'm afraid somebody is going to rear-end that car because I almost did" and "He had no flashers on." (Rodgers Dep., at 139-140, Ex. 19). There is no dispute that Mr. Shorter's car was parked on the interstate without proper lights, and therefore, as a matter of Alabama law, Plaintiff's negligence claim is futile because Rodgers did not breach a duty when he accidentally collided with Mr. Shorter's vehicle. *McBride*, 35 So.2d at 101.

### C. Contributory Negligence Bars Plaintiff's Recovery Under a Negligence Theory

Alternatively, Plaintiff's negligence claim fails as a matter of law because the undisputed facts indicate that Mr. Shorter was contributorily negligent, barring any recovery under a negligence theory. Even assuming that Mr. Shorter's car stopped initially because of mechanical problems, the 911 call records indicate that he had at least 12 minutes from the time his car came to rest in the right lane of Interstate 59 until the time of the collision[3] – a significant amount of time to get out of the

---

[3] Beginning at 12:57 a.m. on July 27, 2004, numerous motorists began calling 911 to report a car parked in the right lane of Interstate 59 near the Argo Exit in St. Clair County. (Rodgers Dep., at 138-150; Doc. # 17, Ex. D (Coroner's Records - 911 Call Number Detail); Doc. # 17, Ex. C (Accident Report at 1)). In all, five different motorists called 911 during the twelve and a half minute span between 12:57:23 a.m. and 1:10 a.m., when the accident occurred. (Rodgers Dep., at

car and put himself in a position of personal safety or, at the very least, to turn on his flashers or hazard lights to make his car more conspicuous to approaching traffic. (Doc. # 17, Ex. D (911 Call Number Detail); Doc. # 17, Ex. C (Accident Report), at 1).[4]  Under these circumstances, the court finds that no reasonable jury could dispute a finding of contributory negligence.

Any suggestion that the doctrine of subsequent negligence, or "last clear chance," may operate to prevent Mr. Shorter's contributory negligence from serving as an absolute bar to his negligence claim also fails as a matter of law.  As the court noted in its July 25, 2006 opinion, it is undisputed that Rodgers had no knowledge of the existence of the Decedent's car parked in the right lane of the interstate until he collided with it.   Rodgers testified that the first time that he saw Mr. Shorter's car was "two seconds before I hit it," (Rodgers Dep., at 91-92), and at the time he collided with the car, he had begun to move his foot from the accelerator to the brake. (Rodgers Dep., at 91-92).  Because Rodgers had no advance warning of Mr. Shorter's presence on the interstate until it was too late to take action, as a matter of law, Plaintiff cannot show that Rodgers "had knowledge of [Mr. Shorter's perilous] position" and thus, "armed with such knowledge, [] failed to use reasonable and ordinary care in avoiding the accident." *Zaharavich v. Clingerman*, 529 So.2d 978,

---

138-150, Ex. 19; Doc. # 17, Ex. D (Coroner's Records - 911 Call Number Detail); Doc. # 17, Ex. C (Accident Report at 1)).

[4] One method of proving contributory negligence is by demonstrating the violation of a statute designed to prevent the harm that occurred.  *Ridgeway v. CSX Transportation, Inc.*, 723 So. 2d 600, 606-07 (Ala. 1998) (finding automobile driver contributorily negligent as a matter of law since she violated state statute requiring her to stop, look, and listen before crossing railroad tracks and therefore entitling railroad to judgment as a matter of law); *Carroll v. Deaton, Inc.*, 555 So. 2d 140, 141 (Ala. 1989) ("[A] violation of a traffic ordinance or rule of the road constitutes negligence per se.")  Thus, even setting aside the evidence that Mr. Shorter remained in his car for twelve minutes without moving himself to a position of safety, his failure to use warning flashers in violation of Ala. Code § 32-5A-133(c) is sufficient to establish contributory negligence.

6

979 (Ala.1988).[5]  Accordingly, the subsequent negligence doctrine cannot save Plaintiff's proposed

negligence claim from the bar of contributory negligence.

## III.    Conclusion

For the reasons outlined above, the court finds that the undisputed facts demonstrate that, as

a matter of law, Plaintiff's proposed amendment adding a negligence claim would be futile, both

because she cannot prove the elements of the negligence claim and because contributory negligence

would bar her recovery.   A separate order denying Plaintiff's motion will be entered.

**DONE** and **ORDERED** this _____29th_____ day of August, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[5] In fact, under the undisputed facts, Plaintiff could not even show that Rodgers reasonably *should have* had advance knowledge that Mr. Shorter was parked in the right lane of the interstate. There is no dispute that Rodgers was traveling the speed limit at the time of the collision (Rodgers Dep., at  91-92), and the Death Scene Investigation Form completed by the Coroner indicates the weather at the time of the accident was "Clear."  (Doc. # 17, Ex. D (Death Scene Investigation Form), at 1).